UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE WANG,

    Petitioner,

v.

BARBARA SAMPSON,

    Respondent.
_____/

Case No. 08-cv-10832

HONORABLE STEPHEN J. MURPHY, III

**ORDER AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION** (docket no. 11)**, DENYING
WANG'S PETITION FOR HABEAS CORPUS, AND
DENYING CERTIFICATE OF APPEALABILITY**

    On February 28, 2008, Wayne Wang filed an application for a writ of habeas corpus in an attempt to rescind his guilty plea to usage of the Internet to engage in sexual abuse of children and possession of a handgun during a felony. Additionally, his application challenges the constitutionality of the standard of review for habeas cases set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In a Report and Recommendation dated April 30, 2010 ("Report"), Magistrate Judge Komives recommended denial of Wang's petition for habeas corpus and denial of a certificate of appealability on all of the issues raised in his application. In accordance with Fed. R. Civ. P. 72(b)(2), Wang filed specific and timely objections to all of Judge Komives' recommendations. After review of the Report, Wang's objections, and the record in this case, the Court finds itself in agreement with the Report. Accordingly, the Court will deny Wang's petition for habeas corpus. Furthermore, because the Court agrees with Judge Komives that no reasonable jurist would find merit in Wang's claims, it will also deny a certificate of appealability on all of Wang's claims.

## STANDARD OF REVIEW

When a magistrate judge is assigned to a prisoner's petition, Fed. R. Civ. P. 72 requires the entry of a "recommended disposition" of the case to which the parties can object. Fed. R. Civ. P. 72(b)(1). Parties who oppose this recommendation must file "specific written objections" with the district judge responsible for the case within 14 days of being served with a copy of the recommendation. *Id.* 72(b)(2). If objections are properly filed, the district judge "must determine de novo any part of the magistrate judge's disposition" that was properly objected to. *Id.* 72(b)(3). In carrying out this review, the Court may "accept, reject, or modify the recommended disposition." *Id.* Because Wang entered specific objections to all of the conclusions in Judge Komives' Report in a timely manner, the Court will conduct a de novo review of the Report.

## ANALYSIS

Judge Komives' Report made four key findings. First, he dismissed Wang's argument that AEDPA's standard of review for state court decisions, 28 U.S.C. § 2254(d), unconstitutionally delegates the Article III authority of federal courts to state courts, in violation of separation of powers principles and the Supremacy Clause. Second, he found that Wang's challenge to his conviction for possessing a firearm while committing a felony, Mich. Comp. Laws § 750.227b, was barred by Wang's guilty plea to the offense. Third, he dismissed Wang's constitutional challenge to Michigan's "child sexually abusive activity" statute, Mich. Comp. Laws § 750.145c, which served as the underpinning to his guilty plea for use of the Internet to solicit a crime under Mich. Comp. Laws § 750.145d. Finally, Judge Komives believed that none of the issues Wang raised were sufficiently debatable to merit grant of a certificate of appealability. After performing a de novo review of these findings, the Court finds the Report to be sound and approves of its conclusions.

## I. Constitutionality of AEDPA

The Court agrees with Judge Komives that all of Wang's challenges to AEDPA are frivolous. While the Sixth Circuit has yet to pass on the separation of powers question raised by Wang, every sister circuit that has taken it up has come down in favor of AEDPA's constitutionality. *See*, *Evans v. Thompson*, 518 F.3d 1, 4–10 (1st Cir. 2008); *Duhaime v. Ducharme*, 200 F.3d 597, 601 (9th Cir. 2000); *Green v. French*, 143 F.3d 865, 874–75 (4th Cir. 1998), *abrogated on other grounds*, *Williams v. Taylor*, 529 U.S. 362 (2000). Wang's Supremacy Clause argument does not really address any of the concerns in this case. AEDPA may require deference to the federal constitutional decisions of state courts, but it does not subjugate federal *law* to state law, and the Supremacy Clause only addresses the latter concern. *See Mueller v. Angelone*, 181 F.3d 557, 572 (4th Cir. 1999). The petitioner's citation of numerous law review articles in support of his position is unavailing, as law journals, while useful, do not bind this Court's decision-making. The Court adopts Judge Komives' holdings on Wang's challenge to AEDPA.

## II. Waiver of Claims by Guilty Plea

The respondent argued that both of Wang's challenges were waived by his guilty plea. Judge Komives agreed that Wang had waived his ability to challenge his conviction for possession of a firearm during a felony, because his plea "effectively admitted that his conduct *did* violate the statute as it then existed." Rehashing such factual matters is not the proper role for this court upon review of a habeas petition. Report, at 12. But Judge Komives disagreed with the respondent on the waiver of Wang's challenge to the child sexually abusive activity statute. Wang argues that the entire statutory scheme the state charged him under was unconstitutional, and Judge Komives recommends that Wang be allowed to make this argument in a habeas petition. *Id.* at 13. The Court agrees, and will

3

consider the merits of Wang's First Amendment challenge to the child sexually abusive activity statute.

III. First Amendment Challenge to Michigan's Child Sexually Abusive Activity Statute

While the Court agrees with the conclusions and reasoning in Judge Komives' report relative to Wang's First Amendment claim, the Court has some brief additional thoughts on Wang's argument. While it is difficult to determine precisely what Wang objects to in Mich. Comp. Laws § 750.145c(2), he appears to argue that the statute is overbroad because it penalizes the solicitation of sexual conduct from people who appear to be minors, but are actually pretending to be adults. He analogizes to *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), which declared that simulated child pornography, made without the use of actual children, was protected speech under the First Amendment, and that statements like the ones Wang made here should enjoy the same treatment.

*Ashcroft* does not help Wang in this case because solicitation is illegal conduct, not protected speech, and this means the identity of the person to whom he made statements in furtherance of the solicitation is irrelevant. It is standard First Amendment law that "offers to engage in illegal transactions are *categorically* excluded from First Amendment protection." *United States v. Williams*, 553 U.S. 285, 297 (2008) (emphasis added); *see also United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000) (no "First Amendment right to attempt to persuade minors to engage in illegal sex acts"). The federal courts of appeals unanimously hold that the identity taken by an undercover officer in an attempt to catch predators is irrelevant for First Amendment purposes.[1] *United States v. Tykarsky*, 446 F.3d

---

[1] This holding is even more robust when one considers that Michigan law, unlike the federal statutes Judge Komives analogizes to in his Report, does not *require* a defendant to believe he is soliciting favors directly from a child. The federal sexual solicitation of a minor statute punishes one who "knowingly persuades, induces, entices, or coerces *any individual* who has not attained the age of 18 years." 18 U.S.C. § 2422 (emphasis added).

458, 473 (3rd Cir. 2006); *United States v. Meek*, 366 F.3d 705, 721 (9th Cir. 2004) (no First Amendment infirmity in statute that punished defendant despite incorrect belief that person with whom he communicated over Internet was a child); *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004); *Bailey*, 228 F.3d 637 (6th Cir. 2000) (federal child sexual solicitation statute that "only affects those who intend to target minors" easily survives First Amendment challenge). The Court follows these precedents in adopting the reasoning and result of Judge Komives' Report.

IV. Certificate of Appealability

Judge Komives recommended denial of a certificate of appealability on all counts in this case. Typically, "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" cannot be appealed. 28 U.S.C. § 2253(c)(1)(A). Nevertheless, when "the applicant has made a substantial showing of the denial of a constitutional right," the district judge can issue a certificate of appealability which gives the petitioner a right to appeal the final order. *Id.* 2253(c)(2). A "substantial showing" is a "[demonstration] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

---

The only elements of the Michigan statute under which Wang was charged are (1) an attempt by the defendant to make arrangements to engage in proscribed activity, and (2) the proper state of mind with respect to these efforts. Mich. Comp. Laws § 750.145c(2) ("A person who attempts or prepares or conspires to arrange for . . . any child sexually abusive activity . . . is guilty of a felony . . . .").

If the sheriff's deputy in this case had pretended to be a 40 year-old man, and Wang arranged to visit the man's house so he could engage in sexually abusive activity with his teenaged daughter, the behavior would constitute criminal solicitation of child sexually abusive activity under Michigan law — even though Wang would not have believed he was seducing a child. Since the presence of child is not a necessary element of the crime with which Wang was charged, Wang's knowledge, or lack thereof, of the age of the person he talked to has *no* bearing on the case, so long as he intended to engage in proscribed action of arranging for illegal sexual contact with a minor.

5

*Cockrell*, 537 U.S. 322, 327 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court, after consideration of Wang's arguments, agrees with Judge Komives' conclusion that reasonable jurists would not disagree on the resolution of the issues set forth in this Order. Therefore, it will deny Wang a certificate of appealability.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Wang's petition for habeas corpus is **DENIED**. Furthermore, the Court will **DECLINE** to grant Wang a certificate of appealability on any of his claims for relief.

**SO ORDERED**.

                              s/Stephen J. Murphy, III
                              STEPHEN J. MURPHY, III
                              United States District Judge

Dated: October 27, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 27, 2010, by electronic and/or ordinary mail.

                              Alissa Greer
                              Case Manager